ROBYN B. SOKOL - Bar No. 159506
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
200 S. Los Robles Avenue, Suite 300
Pasadena, California 91101
Telephone: (626) 796-4000; Facsimile: (626) 795-6321
E-mail: *rsokol@leechtishman.com*

Attorneys for Elissa D. Miller, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:21-bk-18868-ER |
| WEED CELLARS, INC., | Adv. Case No. 2:22-ap-01082-ER |
| Debtor. | Chapter 7 |
| | **CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT FILED BY W LICENSING AND MEIR ASHER** |
| ELISSA D. MILLER, CHAPTER 7 TRUSTEE, | *Chapter 7 Trustee's Statement of Genuine Issues in Response to Defendants' Joint Statement of Uncontroverted Facts and Conclusions of Law and Declaration of Robyn B. Sokol filed concurrently herewith* |
| Plaintiff, | |
| v. | |
| W LICENSING, LLC and MEIR ASHER, | DATE: April 19, 2023 |
| Defendants. | TIME: 10:00 a.m. |
| | CTRM: 1568 |
| | Edward R. Roybal Federal Building and Courthouse |
| | 255 E. Temple Street |
| | Los Angeles, CA 90012 |

4868-5495-2025, v. 2

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.    LEGAL STANDARD FOR SUMMARY JUDGMENT.......................................4

III.    GENUINE ISSUES OF MATERIAL FACT EXIST WITH RESPECT TO THE
MOTIONS ...........................................................................................................4

    A.    Genuine Issues of Fact..............................................................................5

    B.    The Motions Should Be Denied Based On the Need for Discovery Pursuant
to Fed. R. Bankr. P. 56 (d) .......................................................................5

IV.    SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS AND AGAINST THE
TRUSTEE ON THE FIRST AND THIRD CLAIMS FOR RELIEF SHOULD BE
DENIED................................................................................................................6

    A.    The Relief Sought By Asher On the First and Third Claims for Relief Should
Be Denied...................................................................................................7

        1.    Genuine Issues of Material Fact Exist ...........................................7

        2.    As a Matter of Law the Asher Motion Cannot Be Granted. ........7

    B.    The Relief Sought By W Licensing On the First Claim for Relief Should Be
Denied........................................................................................................8

        1.    Partial Summary Judgment on the Lien Determination Portion of the
First Claim for Relief Should Be Granted in Favor of the Trustee and
Against W Licensing.......................................................................9

        2.    Genuine Issues of Material Fact Exist With Respect to the Illusory
Contract Determination Portion of the First Claim for Relief ....9

    C.    The Relief Sought By W Licensing On the Third Claim for Relief Should Be
Denied......................................................................................................10

V.    SUMMARY JUDGMENT IN FAVOR OF W LICENSING AND AGAINST THE
TRUSTEE ON THE SECOND CLAIM FOR RELIEF SHOULD BE DENIED ...........14

VI.    CONCLUSION..................................................................................................15

4868-5495-2025, v. 2

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                              **Page(s)**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ...............................................................................................................4

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ...............................................................................................................4

*Jones v. Halekulani Hotel, Inc.*,
557 F.2d 1308 (9th Cir. 1977) ..............................................................................................4

*Siegel v. FDIC (In re IndyMac Bancorp Inc.)*,
2012 Bankr. LEXIS 1462 (Bankr. C.D. Cal. Mar. 29, 2012) ................................................10

**Rules**

Fed. R. Bankr. P. 7056 ...........................................................................................................5

Fed. R. Civ. P. 56(a) ...............................................................................................................4

Fed. R. Civ. P. 56(d) .......................................................................................................3, 5, 6, 7

Fed. R. Civ. P. 56(f) .....................................................................................................4, 11, 14

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, AND DEFENDANTS AND THEIR COUNSEL:**

Plaintiff Elissa D. Miller, the duly appointed and acting Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Weed Cellars, Inc. ("**Debtor**"), hereby opposes *W Licensing, LLC's Cross-Motion for Summary Judgment* [Adv. No. 2:22-ap-01082-ER, Docket No. 43] ("**W Licensing Motion**") filed by Defendant W Licensing, LLC ("**W Licensing**") and *Meir Asher's Cross-Motion for Summary Judgment* [Adv. Dkt. No. 42] ("**Asher Motion**").  The Asher Motion, W Licensing Motion, and *Memorandum of Points and Authorities in Support of (i) Defendants' Opposition to Chapter 7 Trustee's Opposition to Chapter 7 Trustee's Motion for Partial Summary Judgment; (ii) Meir Asher's Cross-Motion for Summary Judgment; and (iii) W Licensing, LLC's Cross-Motion for Summary Judgment* [Adv. Dkt. No. 36] ("**Memorandum**") shall be collectively referred to as "**Motions**" herein.

In support of the Motions, Defendants[1] rely upon *Defendants' Joint Statement of Uncontroverted Facts and Conclusions of Law and Proposed Summary Judgment* [Adv Dkt. No. 45] ("**Defendants UFCL**"), the *Declaration of David P. Beitchman in Support of (I) Defendants' Opposition to Chapter 7 Trustee's Motion for Partial Summary Judgment; and (II) Defendants' Respective Motions for Summary Judgment* [Adv. Dkt. No. 37] ("**Beitchman Decl.**") and the *Declaration of Meir Asher in Support of (I) Defendants' Opposition to Chapter 7 Trustee's Motion for Partial Summary Judgment; and (II) Defendants' Respective Motions for Summary Judgment* [Adv. Dkt. No. 38] ("**Asher Decl.**")

## I.    INTRODUCTION

By and through the W Licensing Motion, W Licensing seeks summary judgment in its favor and against the Trustee on the First, Second and Third Claims for Relief in the *Trustee's Complaint For: (1) Declaratory Relief; (2) Avoidance of Fraudulent Transfer and Recovery for the Estate Pursuant to 11 U.S.C. §§ 548, 550, and 551; and (3) Breach of Contract* [Adv. Dkt. No. 1]

---

[1] All initial capitalized terms not defined herein shall have the meaning ascribed to them in the Trustee's MSJ.  (Defined below)

("**Complaint**").  By and through the Asher Motion, Asher seeks summary judgment in his favor and against the Trustee on the First and Third Claims for Relief in the Complaint.

The relief sought by the Motions should be denied in its entirety as Defendants have not and cannot demonstrate that no genuine issues of material fact exist on these three claims for relief and that they are entitled to judgment as a matter of law.  In fact, all but one of the alleged uncontroverted facts in Defendants UFCL are wholly or partially Disputed.  *See Chapter 7 Trustee's Separate Statement Of Genuine Issues In Response To Defendants' Joint Statement Of Uncontroverted Facts And Conclusions Of Law and Proposed Summary Judgment* ("**Trustee Genuine Issues**").  Furthermore, the law presented in the Motions does not support a ruling in favor of the Defendants and against the Trustee on the First, Second or Third Claims for Relief.

As evidenced in the *Trustee's Notice of Motion and Motion for Partial Summary Judgment* [Adv. No. 2:22-ap-01082-ER, Docket No. 26] ("**Trustee's MSJ**"), as to the Complaint's First Claim for Relief there exist no genuine issues of material fact and judgment on that First Claim for Relief in favor of the Trustee and against W Licensing should be entered as a matter of law finding that W Licensing does not have any rights, claims, interests, liens, or encumbrances with respect to the assets of Weed Cellars, Inc. including all intellectual property sold pursuant to the Sale Order [Bankr. Dkt. No. 85] or the proceeds from the sale of such assets.

Through the Motions, Asher seeks a judgment in his favor and against the Trustee on the First and Third Claim for Relief and W Licensing seeks a judgment against the Trustee and in favor of W Licensing on the First, Second and Third Claims for Relief.  *See Proposed Summary Judgment* [Adv. Dkt. Nos. 46, 47].  Defendants have failed to articulate the legal rulings sought, the law supporting such rulings and present the undisputed facts necessary to support the relief they seek.

The relief sought by the Motions as to a portion of the First Claim for Relief addressing lien determination is particularly troubling given the fact that Defendants admit that W Licensing has no liens, claims, interests or encumbrances against the Sale Proceeds and Defendants have raised no genuine issues of fact with respect to the relief sought by the Trustee's MSJ.  *See Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Partial Summary Judgment*

[Adv. Dkt. No. 27] ("**Trustee UFCL**") ¶¶ 52, 53, Sokol Decl. ¶¶ 18-13, Memorandum pp. 1:20-23, 5:1-12, *Defendants' Statement of Genuine Issues re Chapter 7 Trustee's Motion for Partial Summary Judgment* [Adv. Dkt. No. 44] ("**Defendants Genuine Issues**"), *Trustee's Reply To Defendants' Joint Opposition To Chapter 7 Trustee's Motion For Partial Summary Judgment* [Adv. Dkt. No. 52] ("**Trustee Reply**"), pp. 6-7:4, Defendants UFCL ¶¶ 49, 52.

Defendants' argument that the Trustee cannot prevail on the claims set forth in the Complaint and that the claims for relief against Asher are improperly presented are not ripe for adjudication.  A plethora of disputed issues of material fact exist so summary adjudication is not proper at this time.  *See* Trustee Genuine Issues.  As set forth in the Trustee Genuine Issues not only have Defendants failed to set forth sufficient facts for this Court to rule on the relief sought in the Motions but all but one uncontroverted fact is subject to dispute, and discovery is needed to adequately respond to the facts alleged.[2]  *Id.,* Sokol Supp. Decl.  The Motions fail to demonstrate that as to each claim for which they seek a judgment in their favor their exist no genuine issue of disputed fact and the relevant law on such relief is in their favor.  Thus, the Motions should be denied.

At set forth in the *Declaration of Robyn B. Sokol in Support of Chapter 7 Trustee's Opposition To Motions For Summary Judgment Filed By W Licensing And Meir Asher* filed contemporaneously herewith ("**Sokol Supp. Decl.**") there exist significant number of issues of fact that require extensive investigation.  Thus, the Motions are appropriately denied or deferred pursuant to F.R. Civ. P. 56(d).

For all the reasons stated in the Motion, Reply, Trustee Genuine Issues and evidence before this Court, summary judgment in favor of the Defendants and against the Trustee on each Claim for Relief contained in the Complaint should be denied in its entirety.

---

[2] To the extent any of the claims set forth in the Complaint proceed to trial, the Trustee intends to seek either through stipulation or motion an extension of the discovery cut-off date so that discovery of third parties and experts may be taken.  As noted in the Trustee Reply, if the Trustee is successful in obtaining the partial summary judgment in her favor declaring that W Licensing holds no interests, claims, liens, rights, or encumbrances with respect to any of the Trademarks or Sale Proceeds, she intends to move to dismiss the balance of the claims contained in the Complaint.

4868-5495-2025, v. 2

Furthermore, this Court should grant partial summary judgment in favor of the Trustee and against W Licensing on a portion of the First Claim for Relief declaring that W Licensing holds no interests, claims, liens, rights, or encumbrances with respect to any of the Trademarks or Sale Proceeds.

Additionally, in accordance with Fed. R. Civ. Pro. 56(f) partial summary judgment in favor of the Trustee and against W Licensing finding that W Licensing breached the Licensing Agreement pre-petition is appropriate.

## II.    LEGAL STANDARD FOR SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a).  The moving party bears the initial burden of establishing the absence of genuine issues of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  Defendants have failed to satisfy their burden.  All material facts set forth in the Defendants UFCL are wholly or partially subject to dispute and Defendants are entitled to judgment as a matter of law.

"More important for present purposes, summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  "The rule is well-established that summary judgment is proper only where there is no genuine issue of any material fact, or where, viewing the evidence and inferences which may be drawn therefrom in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law." *Jones v. Halekulani Hotel, Inc.*, 557 F.2d 1308, 1310 (9th Cir. 1977).

## III.    GENUINE ISSUES OF MATERIAL FACT EXIST WITH RESPECT TO THE MOTIONS

None of the claims against Asher in the Complaint are ripe for summary adjudication, and as such, the Asher Motion should be denied in its entirety.  Asher has failed to meet his burden of establishing the absence of genuine issues of material fact as to the First and Third Claims for Relief in the Complaint.  Discovery is ongoing and to date, Asher has not provided any documents in response to the Trustee's propounded document production.  *See* Sokol Supp. Decl.  The Asher

1   Motion is premature and must be denied.  Similarly, W Licensing has failed to meet its burden of

2   establishing the absence of genuine issues of material fact to support the relief he seeks. *See* Trustee

3   Genuine Issues.

4        **A.**     **Genuine Issues of Fact**

5        As set forth in the Trustee Genuine Issues nearly every one of the Defendants alleged

6   uncontroverted fact is wholly or partially subject to dispute. *See* Trustee Genuine Issues which is

7   fully incorporated herein by this reference.  Specifically, the following "uncontroverted facts" are

8   disputed in whole or in part: ¶¶ 1-9, 11-33.  Only ¶10 of the Defendants UFCL is entirely

9   undisputed and this fact is not material.  Trustee Genuine Issues.

10        Not only are all the material facts cited to support the Motions disputed but there exist many

11   issues of material fact that are necessary for the relief sought by the Defendants that are not

12   contained in Defendants UCFL.

13        The Defendants cannot meet their burden of establishing the absence of genuine issues of

14   material fact with respect to the Second and Third Claim for Relief and the portion of the First

15   Claim for Relief seeking a determination that the Licensing Agreement is an enforceable void

16   contract.  On this basis alone, the Motions should be denied in their entirety.

17        **B.**     **The Motions Should Be Denied Based On the Need for Discovery Pursuant to**

18                     **Fed. R. Bankr. P. 56 (d)**

19        "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot

20   present facts essential to justify its opposition, the court may: (1) defer considering the motion or

21   deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other

22   appropriate order.  Fed. R. Civ. P. 56(d), as applied to adversary proceedings in the Federal Rules

23   of Bankruptcy Procedure through Fed. R. Bankr. P. 7056.  This is the case here. There remains

24   significant discovery that must be conducted so that the Trustee can present facts sufficient to

25   justify its opposition to the Court. Trustee Genuine Issues, Sokol Supp. Decl.

26        To keep legal fees in this case to a minimum until the Trustee's MSJ can be heard, minimal

27   discovery has been conducted.  Sokol Supp. Decl., Reply, pp. 4:3-14, 10:14-24.  While Requests for

28   Production of Documents were propounded upon Defendants.  To date despite the passing of the

---

4868-5495-2025, v. 2

due date and meetings with opposing counsel to resolve their alleged "privilege issues" and obtain

documents, not a single responsive document has been provided.

The additional discovery necessary to oppose Motions includes but is not limited to the

following on the illusory contract portion of the First Claim for Relief, the Second Claim for Relief

and the Third Claim for Relief:

- Third party document production and deposition of Marshal Toplansky
- Expert testimony regarding the value of the transfers on the date of Transfer
- Discovery regarding the Solvency of the Debtor on the Date of the Transfer including
  but not limited to subpoenaing bank records, third party discovery of the Debtors
  officer and directors at the time.
- Deposition of Meir Asher (after documents have been produced).
- Third party document production and deposition of David Biechman
- Third party document production and deposition of Alex Butterman
- Third party document production and depositions of the Debtors former officers and
  directors

Sokol Supp. Decl.

The Motion is appropriately denied or deferred based upon the Trustee's need to conduct

further discovery pursuant to Fed. R. Civ. P. 56(d).

**IV.    SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS AND AGAINST**
**THE TRUSTEE ON THE FIRST AND THIRD CLAIMS FOR RELIEF**
**SHOULD BE DENIED**

Defendants' requests for a judgment in their favor and against the Trustee on the First and

Third Claims for Relief should be denied. This is true because neither the facts presented, nor the

law relied upon support a judgment in favor of either of the Defendants and against the Trustee.

The First and Third Claims for Relief require additional discovery with respect to Asher.

Trustee Genuine Issues, Sokol Supp. Decl.

The Trustee's MSJ did not pursue any claims against Meir Asher as numerous disputed

issues of material fact exists as to Meir Asher liability which require further investigation and

discovery.  Sokol Supp. Decl.  The Trustee MSJ and Trustee UFCL provide sufficient facts to support partial summary judgment against W Licensing on the Third Claim for Relief.

For these reasons, the Motions must be denied in their entirety as the First and Third Claims for Relief.

**A.    The Relief Sought By Asher On the First and Third Claims for Relief Should Be Denied**

The Asher Motion seeks summary judgment in favor of Asher and against the Trustee on the First Claim for Relief for Declaratory Relief and on the Third Claim for Relief for Breach of Contract.

**1.    Genuine Issues of Material Fact Exist**

All factual issues with respect to Asher's involvement with W Licensing and the Debtor are subject to dispute and ongoing discovery and ultimately a trier of fact will need to make findings of fact.  This alone precludes summary adjudication in favor of Asher on the First and Third Claims for Relief.

As set in the Trustee Genuine Issues and Sokol Supp. Decl., significant discovery is needed so that the Trustee may adequately oppose the relief sought in the Motions.  Trustee Genuine Issues ¶¶ 4,6, 8, 24, 25, 26, 30, Sokol Supp. Decl.

As set forth in the Trustee Genuine Issues, all but one of the 33 facts contained in the Defendants UFCL are wholly or partially subject dispute. Trustee Genuine Issues, ¶¶ 1-9, 11-33. Paragraphs 4, 6, 8, 24, 25, 26, 30 set forth in the Defendants UFCL require significant investigation and discovery.  Accordingly, pursuant to Fed. R. Civ. P. 56(d) the Motions should be denied or deferred.  These factual issues remain outstanding and will not be resolved until discovery is complete.  The Trustee has not taken the deposition of Asher, and further, Asher has not produced a single document responsive to the Trustee's requests for production of documents propounded upon each of the Defendants.  Sokol Supp. Decl.

**2.    As a Matter of Law the Asher Motion Cannot Be Granted.**

The sole legal argument presented with respect to the relief sought by Asher on the First and Third Claims for relief are that Asher is not a party to the Trademark Licensing Agreement and a

discussion of Cal. Corp. Code § 17701.04(a) (Memorandum, pp. 12:23-14:9). Asher's legal argument is that he is not a party to the Licensing Agreement and because the First and Third Claims for Relief only involve the Licensing Agreement, he is entitled to a judgment in his favor on both of those claims. Asher improperly simplifies the relief sought by the Complaint. Also, as Asher and his counsel know all too well, the Licensing Agreement incorporates by reference the Operating Agreement. C&A ¶ 20. It is these two documents together that must be examined with respect to the claims against Asher in the First and Third Claims for Relief.

As admitted by Defendants in their Answer "Section 8.1 of the Licensing Agreement, entitled "Consideration," states generically that 'The parties respective rights and duties under the [Operating Agreement] and this Agreement [ ] comprise the substantial consideration for this Agreement ('Royalty'). The terms of the Operating Agreement are expressly incorporated herein." C&A ¶ 20. Defendants also admit that "neither the Licensing Agreement nor the Operating Agreement contain any provisions for a royalty or any other up-from or periodic payment from W Licensing to the Debtor in exchange for W Licensing's use of the Debtor's Trademarks. *Id.* ¶ 21. Thus, it is indisputable that the First Claim for Relief as well as the Third Claim for Relief involve both agreements.

In addition, no law is presented by Defendants to support their request that the Court should grant summary judgment in favor of the Defendants on the portion of the First Claim for Relief seeking a determination that the Licensing Agreement is a void and unenforceable illusory contract due to the lack of consideration. This legal argument needs to be addressed before relief in favor of Asher and against the Trustee may be granted.

As neither the uncontroverted facts nor the law supports the relief sought by the Asher Motion, the Asher Motion should be denied in its entirety.

**B.      The Relief Sought By W Licensing On the First Claim for Relief Should Be Denied**

The First Claim for Relief in the Complaint seeks a judicial determination that: (a) the License Agreement is a void and unenforceable illusory contract due to lack of consideration and that neither of the Defendants has any rights against the Debtor or the Debtor's Trademarks

thereunder ("**Illusory Contract Determination**")(Complaint ¶ 56); and, (b) Defendants do not hold

a valid claim against the Sale Proceeds ("**Lien Determination**") (*Id*. ¶¶ 53, 55).

The Trustee's MSJ seeks summary adjudication on a portion of the First Claim for Relief as

against W Licensing only on the narrow issue that W Licensing holds no claims, interests, liens, or

encumbrances against the Debtor's assets, including the Trademarks, and therefore it holds no

claims, interests, liens, or encumbrances with respect to the Sale Proceeds.  Not only does the

Trustee's MSJ fully support this declaratory relief, but Defendants admit that W Licensing holds no

claims, interests, liens, or encumbrances with respect to the Sale Proceeds.  Trustee UFCL ¶¶ 52,

53, Sokol Decl. ¶¶ 18-13, Memorandum, pp. 1:20-23, 5:1-12.  **For this reason alone, summary**

**judgment on the First Claim for Relief cannot be entered in favor of W Licensing and against**

**the Trustee.**

In addition, on the Lien Determination issue, material issues of fact exist (Trustee Genuine

Issues), and Defendants have presented no legal argument as to why they will prevail on this issue.

> **1.    Partial Summary Judgment on the Lien Determination Portion of the**
> **First Claim for Relief Should Be Granted in Favor of the Trustee and**
> **Against W Licensing**

For all the reasons set forth in the Motion, Reply, Trustee UFCL and the supporting

evidence a judgment in favor of the Trustee and against W Licensing declaring that W Licensing

holds no interests, claims, liens, rights, or encumbrances with respect to any of the Trademarks or

Sale Proceeds should be entered.  *See* Motion, Reply, Trustee UFCL, Defendants Genuine Issues,

Sokol Decl., Mulvaney Decl., Miller Decl., Lee Decl.

Moreover, Defendants admit to the relief sought by the Trustee's MSJ − that W Licensing

holds no claims, interests, liens, or encumbrances with respect to the Sale Proceeds.  Trustee UFCL

¶¶ 52, 53, Sokol Decl. ¶¶ 18-13, Memorandum, pp. 1:20-23, 5:1-12.

For these reasons, the relief sought by W Licensing should be denied in its entirety.

> **2.    Genuine Issues of Material Fact Exist With Respect to the Illusory**
> **Contract Determination Portion of the First Claim for Relief**

As set forth in the Trustee Genuine Issues numerous material issues of disputed fact exist on

4868-5495-2025, v. 2

the Illusory Contract Determination portion of the First Claim for Relief and discovery is needed for the Trustee to respond to the Motion on this issue.  Trustee Genuine Issues, ¶¶ 4, 6, 8, 24, 25, 26, 30, Sokol Supp. Decl.

Furthermore, W Licensing has failed to present a single legal argument to support the relief sought by the Motion − judgment in its favor on the First Claim for Relief.  The only argument raised which makes no sense relates to the claims bar date.  Memorandum, pp. 14-15.  Defendants completely misinterpret the term "claim" included in the relief requested in the Trustee's MSJ which seeks a declaration that W Licensing holds no interests, **claims**, liens, rights, or encumbrances with respect to any of the Trademarks or Sale Proceeds. This relief has absolutely nothing to do with any claims (by virtue of filing a proof of claim) against the Debtor's Estate.  The relief sought is solely with respect to claims against the Sale Proceeds.

The Motion and Reply explain that any rejection claim filed by the Defendants is separate and distinct from the relief sought in the Complaint.  Motion, pp. 20:22-21,[3] Reply, pp. 8:4-9:24. The Trustee fully incorporates these arguments herein by reference.

**C.**    **The Relief Sought By W Licensing On the Third Claim for Relief Should Be Denied**

The Third Claim for Relief in the Complaint seeks a determination that the License Agreement which incorporates the Operating Agreement (C&A ¶¶ 20, 21) was breached by the Defendants.  One element of this Third Claim for Relief is establishing that W Licensing was in default of the License Agreement.  The Trustee UFCL and the Motion set forth undisputed facts and law sufficient for this Court to enter partial summary judgment in favor of the Trustee and against W Licensing finding that W Licensing breached the Licensing Agreement before the

---

[3] "Even if W Licensing filed a rejection damage claim, such claim would not attach to the Sale Proceeds but rather would be treated as a general unsecured claim.  *See* 11 U.S.C. § 365(g)(1) (providing generally that 'the rejection of an executory contract . . . of the debtor constitutes a breach of such contract . . . if such contract . . . has not been assumed . . . immediately before the date of the filing of the petition").  *See also Siegel v. FDIC (In re IndyMac Bancorp Inc.)*, 2012 Bankr. LEXIS 1462, at *94-95 (Bankr. C.D. Cal. Mar. 29, 2012) ("Under the Bankruptcy Code, the primary effect of rejection of an executory contract is to create a breach immediately prior to the bankruptcy filing, thereby leaving the counterparty with an unsecured damages claim.")."  Motion, p. 21:14-21.

4868-5495-2025, v. 2

Petition Date.  For this reason, the relief sought by the W Licensing Motion should be denied.

The undisputed factual record before this Court supports a finding, and judgment in favor of the Trustee and against W Licensing that W Licensing breached the Licensing Agreement before the Petition Date.  Thus, this partial summary judgment on the Third Claim for Relief is appropriate pursuant to Fed. R. Civ. Pro. 56(f) on this narrow issue.

Prior to the Petition Date, W Licensing failed to carry the requisite insurance at least for the period of July 1, 2021 through October 7, 2021.  Under the terms of the License Agreement, this is a default that cannot be cured.  Similarly, after the Petition Date, W Licensing failed to maintain and provide evidence of appropriate insurance as required by the License Agreement.  Despite notice to W Licensing of this breach and an opportunity to cure, W Licensing failed to cure, and in fact could not cure its historic defaults under the License Agreement.  Accordingly, judgment in favor of the Trustee and against W Licensing on the Third Claim for Relief finding that W Licensing was in default of the License Agreement by its failure to maintain and provide evidence of appropriate insurance is appropriate.

The Complaint alleges that W Licensing breached the terms of the License Agreement by failing to provide the requisite insurance both prior to the Petition Date and after the Petition Date.  Paragraph 11.3 of the Licensing Agreement required W Licensing to maintain and provide evidence of appropriate insurance.  The undisputed facts show:

- The Debtor and W Licensing entered into the License Agreement dated as of July 1, 2021 with the Debtor as licensor and W Licensing as licensee. Trustee UFCL ¶ 11

- Paragraph 11.3 of the License Agreement provides in part as follows:

  (a)      At all times during the Term of this Agreement, and for a period of three years thereafter, Licensee shall procure and maintain, at its sole cost and expense commercial general liability insurance with limits no less than US$1,000,000.00 per occurrence and US$2,000,000.00 in the aggregate, including bodily injury and property damage and products and completed operations and advertising liability, which policy will include contractual liability coverage insuring the activities of Licensee under this Agreement.

  (b)      All insurance policies required pursuant to Section 11.3 shall: (i) be issued by insurance companies reasonably acceptable to Licensor/with a Best's Rating of no less than A-VII;

  (ii)      provide that such insurance carriers give Licensor at least 30 days' prior

written notice of cancellation or non-renewal of policy coverage; provided that, prior to such cancellation, Licensee shall have new insurance policies in place that meet the requirements of Section 11.3;

(iii)    provide that such insurance be primary insurance and any similar insurance in the name of and/or for the benefit of Licensor shall be excess and non-contributory; and

(iv)    name Licensor and its Affiliates, including, in each case, all successors and permitted assigns, as additional insureds.   Trustee UFCL ¶ 36

- On March 1, 2022, counsel for the Trustee sent a letter to W Licensing and its counsel in accordance with the notice provisions of the License Agreement ("**Default Letter**"). Trustee UFCL ¶ 37

- Among other things, the Default Letter advised W Licensing that it had not provided the Trustee with "copies of the certificates of insurance and policy endorsements required by Paragraph 11.3 of the Licensing Agreement," and made a formal written request for such copies.  Trustee UFCL ¶ 38

- Upon the eventual receipt of the insurance policies on March 15, 2022, it was evident that W Licensing breached the Licensing Agreement pre-petition because it never obtained the requisite insurance.  Trustee UFCL ¶ 39

- On March 12, 2022, purportedly in response to the Default Letter, W Licensing filed with the Court W Licensing, LLC's Notice of Response to Chapter 7 Trustee's Demand Letter of March 1, 2022 [Bankr. Dkt. No. 72] ("**Default Letter Response**").  Attached as Exhibit 3 to the Default Letter Response is what W Licensing purports to be the evidence of insurance required by Paragraph 11.3 of the License Agreement.   Exhibit 3 consists of two Certificates of Liability Insurance ("**Certificate(s)**").  Trustee UFCL ¶ 40

- The Certificates attached as Exhibit 3 to the Default Letter Response, fail to satisfy the requirements of Paragraph 11.3 of the Licensing Agreement.   First, only two Certificates are attached, and no policy endorsements or policies are attached.   Second, with respect to the attached Certificates, they are dated March 8, 2022 and March 9, 2022, over one week after the Default Notice was sent.   Third, the Certificates show that the insurance does not date back to the effective date of the Licensing Agreement, July 1, 2021.  Trustee UFCL ¶ 41

- The Licensing Agreement provides at ¶ 11.3 (a) that "[a]t all times during the Term of this Agreement, and for a period of three years thereafter, Licensee shall procure and maintain … insurance."   Trustee UFCL ¶ 42

- Even assuming arguendo that the insurance obtained on March 9, 2022, is retroactive and includes W Licensing, it commenced October 8, 2021, so W Licensing did not carry the requisite insurance for the period from July 1, 2021 through October 7, 2021.

- The Court's ruling entered on the Bankruptcy Court Docket states, among other things that:

> "W Licensing did not possess the requisite insurance from July 1, 2021 through October 7, 2021 and from October 9, 2021 through March 8, 2022. Although the License Agreement provides W Licensing a 14-day opportunity to cure any breaches, it also contemplates that certain breaches, such as the

failure to continuously maintain appropriate insurance, are not curable."

Trustee UFCL ¶ 43.  Court's Ruling, Bankr. Dkt. No. 80.

- On March 14, 2022, the Trustee brought these deficiencies to the attention of W Licensing and the Court in the "Chapter 7 Trustee's Sale Update and Supplemental Reply to Opposition of Licensing, LLC to Motion by Chapter 7 Trustee to: (1) Approve Sale of Certain Personal Property of Estate Free and Clear of Liens, Claims, Interests and Encumbrances with Liens, Claims, Interests, and Encumbrances, to Attach to Proceeds Pursuant to 11 U.S.C. § 363(b) and (f); (2) Approve Overbid Procedures; (3) Determine that Buyer Is Entitled to Protection Pursuant to 11 U.S.C. §363(m)" [Bankr. Dkt. No. 75] ("**Trustee's Supp. Reply**"). Trustee UFCL ¶ 44

- On March 15, 2022, in response to the Trustee's Supp. Reply and in further response to the Default Letter, W Licensing filed with the Court "W Licensing, LLC's Notice of Supplemental Response to Chapter 7 Trustee's Demand Letter of March 1, 2022" [Bankr. Dkt. No. 78] ("**Supp. Default Letter Response**").   The insurance policies attached to the Supp. Default Letter Response do not demonstrate that W Licensing maintained the insurance required by the Licensing Agreement at any time.  Attached to the Supp. Default Letter Response are the Liberty Mutual Insurance policy and the HISCOX insurance policy.   Neither the Trustee nor her counsel received any other documentation regarding insurance or in response to the Default Letter.  Trustee UFCL ¶ 45

- The insurance policy provided by Liberty Mutual Insurance only provides insurance for SAVE-KAHKI LLC DBA SAVE KHAKI and does not provide insurance for W Licensing.   The insurance policy provided by HISCOX for W Licensing has an endorsement effective date of March 9, 2022.    Additionally, neither of the insurance policies attached to the Supp. Default Letter Response contain the required protections set forth in paragraph 11.3(b) (ii) and (iii) of the Licensing Agreement.  Trustee UFCL ¶ 46

- The two (2) insurance policies filed with the Bankruptcy Court to support W Licensing's alleged compliance do not provide that insurance carriers give Licensor (in this case the Debtor/Trustee) at least 30 days' prior written notice of cancellation or non-renewal of policy coverage nor do the policies name the Debtor, all successors and permitted assigns, as additional insureds as required by Paragraphs 11.3(b)(ii) and (iv) of the Licensing Agreement.  Trustee UFCL ¶ 47

Based on the above undisputed facts (Trustee UFCL ¶¶ 11, 36-47), W Licensing was in

breach of the terms of the License Agreement with respect to W Licensing's failure to maintain

requisite insurance pursuant to Paragraph 11.3 of the License Agreement.  **Accordingly, the relief**

**sought by W Licensing on the Third Claim for Relief should be denied.**

As discussed above, summary judgment in favor of Asher on the Third Claim for Relief is

not appropriate as there are material issues of fact surrounding Asher's involvement with W

Licensing and the Debtor that preclude summary adjudication.  Summary judgment in favor of W

Licensing on the Third Claim for Relief is also inappropriate.  W Licensing does not address its

breach of the License Agreement, which it cannot do because the facts are undisputed.  W

Licensing bases its entitlement to summary judgment on the Breach of Contract claim solely upon

its assertion that damages from W Licensing's breach of the License Agreement have not been

proven.

Based on the foregoing, the Motion should be denied as to the relief sought on the Third

Claim for Relief.

In accordance with Fed. R. Civ. Pro. 56(f), the Trustee seeks partial summary judgment on

the Third Claim for Relief against W Licensing finding that W Licensing defaulted under the

License Agreement and breached the License Agreement.  Issues of resultant damages from the

breach and entitlement to attorneys' fees are reserved for trial.  No controverted fact exists on this

limited relief sought by the Trustee.  Trustee UFCL, Defendants Genuine Issues, Reply, pp. 6-7:4.

Accordingly, partial summary judgment pursuant to FRCP 56(f) in favor of the Trustee and against

W Licensing on the Third Claim for Relief on the narrow issue that W Licensing breached the

License Agreement is appropriate.

**V.      SUMMARY JUDGMENT IN FAVOR OF W LICENSING AND AGAINST
          THE TRUSTEE ON THE SECOND CLAIM FOR RELIEF SHOULD BE
          DENIED**

The Second Claim for Relief in the Complaint is an avoidance action against W Licensing

seeking to avoid under 11 U.S.C. § 548 the Debtor's transfer of certain rights in the Trademarks to

W Licensing as a constructive fraudulent transfer.  Complaint ¶¶ 58-63.  There exist many issues of

fact that need to be investigated and which are disputed with respect to this the Second Claim for

Relief.  Sokol Supp. Decl. and Trustee Genuine Statement.

The W Licensing Motion raises issues of material disputed fact with respect to the value of

the Trademarks, which precludes summary judgment on the Second Claim for Relief.  W Licensing

relies on the disputed unresolved question of fact to support its request for summary judgment on

the Second Claim for Relief.  W Licensing has not met its burden of proving that there exist no

genuine disputes as to any material fact and that it is entitled to judgment as a matter of law.  *See*

Trustee Genuine Issues.

Through the Second Claim for Relief, the Trustee seeks to recover, for the benefit of the Debtor's estate, the Debtor's rights and interests in the Trademarks that were granted to W Licensing and to preserve such property for the benefit of the Debtor's estate pursuant to Sections 550 and 551 of the Bankruptcy Code.

One of the elements of this Second Claim for Relief is establishing that the Debtor received less than a reasonably equivalent value in exchange for the transfer of its interest in the Trademarks under the License Agreement.  As such, the value of the Trademarks on the date of the transfer is a question of fact that must be resolved to establish one of the requisite elements of this Second Claim for Relief.

W Licensing alleges in the W Licensing Motion that the Trustee admits she does not know the value of the Trademarks and therefore the Trustee cannot establish that W Licensing failed to provide reasonably equivalent value for their transfer to W Licensing.  Stating that the Trustee did not know the value does not resolve the outstanding factual issue of the value of the Trademarks.  The mere "fact" that the Trustee may not know the value of the Trademarks is irrelevant.  The Trustee is not an expert, nor does she claim to be.  The Trustee is not the appropriate party to testify as to the value of the Trademarks.  This element of the Second Claim for Relief is a genuine issue of disputed material fact.  Trustee Genuine Issues.  Examination of third-party witnesses, including the Debtor's officers and directors at the time of the transfer, and possibly the testimony of experts will be necessary if this matter proceeds to trial.  This discovery is also necessary to fully oppose the Motions.

In addition, the Trustee needs to conduct discovery on the solvency of the Debtor before the transfer and the solvency of the Debtor after the transfer.  *See* Trustee Genuine Issues.  As set forth in the Trustee Genuine Issues, all but one of the alleged "material facts" are disputed in whole or in part.  *See* Trustee Genuine Issues.

Based on the foregoing, summary adjudication on the Second Claim for Relief in favor of W Licensing and against the Trustee should be denied.

## VI.    CONCLUSION

For all the reasons set forth herein, the Motions should be denied in their entirety.

For all the reasons set forth in the Motion and Reply and supported by the Trustee UFCL, the Trustee requests that this Court grant partial summary judgment in favor of the Trustee and against W Licensing on the First Claim for Relief finding that W Licensing holds no claims, liens, interests, encumbrances, or rights in any of the Trademarks and therefore has no liens, claims, encumbrances, interests, or rights to the Sale Proceeds.

The Trustee further requests that this Court grant partial summary judgment in favor of the Trustee and against W Licensing on the Third Claim for Relief finding that W Licensing breached the terms of the License Agreement by failing to maintain and provide the requisite insurance coverage.

DATED:  March 29, 2023                    LEECH TISHMAN FUSCALDO & LAMPL, INC.

By: /s/ Robyn B. Sokol
     Robyn B. Sokol
     Attorneys for Elissa D. Miller,
     Chapter 7 Trustee

16

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
200 S. Los Robles Avenue, Suite 300, Pasadena, CA 91101.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT FILED BY W LICENSING AND MEIR ASHER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **March 29, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robbin L. Itkin**    ritkin@sklarkirsh.com, mduran@sklarkirsh.com
- **John P Kreis**    jkreis@kreislaw.com, j.kreis@ca.rr.com
- **Elissa Miller (TR)**    CA71@ecfcbis.com,
  MillerTrustee@gmlaw.com;C124@ecfcbis.com;cheryl.caldwell@gmlaw.com;cheryl.caldwell@ecf.courtdrive.com
- **Robyn B Sokol**    rsokol@leechtishman.com,
  rsokol@leechtishman.com;lmoya@leechtishman.com;dmulvaney@leechtishman.com;kgutierrez@leechtishman.com;NArango@LeechTishman.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **March 29, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **(date)**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| March 29, 2023 | Lydia Moya | /s/ Lydia Moya |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
4880-9725-2892, v. 1                                                **F 9013-3.1.PROOF.SERVICE**